IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re matter of<br><br>SHANKAR DAS,<br><br>     Debtor. | BK Case No.: 17-35247<br>Chapter 13<br><br>Honorable Judge Janet S. Baer |

## NOTICE OF MOTION

To: Shankar Das
   1666 Cumberland Rd
   Aurora, IL 60504
   **BY U.S. MAIL**

   David H Cutler, *Attorney for Debtor*  **BY ELECTRONIC TRANSMISSION**
   Glenn B Stearns, *Chapter 13 Trustee*  **BY ELECTRONIC TRANSMISSION**
   PRA Receivables Management, LLC, *Courtesy Notice*
                   **BY ELECTRONIC TRANSMISSION**

PLEASE TAKE NOTICE that on December 22, 2017, at 9:30 a.m., or soon thereafter as Counsel may be heard, we shall appear before the Honorable Janet S. Baer, Bankruptcy Judge, at **Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, IL 60134**, and then and there present the attached Motion to Modify the Automatic Stay, a copy of which is hereby served upon you.

## PROOF OF SERVICE

I, the undersigned attorney, certify that I caused to be served a copy of this Notice with Motion to Modify the Automatic Stay attached, upon the parties listed above, by mailing same in a properly addressed envelope, postage prepaid, from 9555 S. Eastern Avenue, Suite 200, Las Vegas, Nevada 89123, on the 9th day of December 2017, or via electronic notice, as indicated above.

                By: /s/ Steven E. Stern
                   Steven E. Stern

Steven E. Stern, ARDC #6194333
BERGSTROM LAW, LTD.
9555 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
P: (702) 333-0007 | F: (702) 333-1524
Attorney for BANK OF THE WEST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re matter of<br><br>SHANKAR DAS,<br><br>                Debtor. | BK Case No.: 17-35247<br>Chapter 13<br><br>Honorable Judge Janet S. Baer |

## MOTION TO MODIFY AUTOMATIC STAY

Now comes BANK OF THE WEST (hereinafter referred to as "Movant"), a creditor herein, by Bergstrom Law, Ltd., its attorney, and moves this Honorable Court for entry of an Order modifying the restraining provisions of §362 of the Bankruptcy Code, and in support thereof respectfully represents as follows:

1. On November 28, 2017, the Debtor herein filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Movant is a Creditor of the Debtor with respect to a certain indebtedness secured by a lien upon a 2015 Toyota Camry with VIN ending in 0304 (hereinafter "the Vehicle"). *True and correct copies of the Vehicle Title reflecting Movant as the lienholder, and the Contract between Movant and the Debtor are attached hereto collectively as Exhibit "A."*

3. Debtor has defaulted on his obligations to Movant as a result of his failure to make all required monthly payments.  Debtor owes Movant the sum of $24,745.96, which represents principal and interest.  The National Automobile Dealers Association (hereinafter "NADA") provides a mid-book value of $14,675.00 to the Vehicle, resulting in negative equity of over $10,000.00.  *A true and correct copy of the NADA is attached hereto as Exhibit "B".*

4. Debtor has no equity in the Vehicle and is not making monthly contract payments.

5. The last payment made by the Debtor on the account owing to Movant was on October 10, 2017.

6. The Debtor is surrendering possession of the Vehicle to Movant as stated in Debtor's Chapter 13 Plan filed in the instant case on November 28, 2017. There is no provision in the Chapter 13 Plan that calls for the stay against the Vehicle lifting upon plan confirmation. As of the date of this filing, the Vehicle remains in possession of the Debtor.

7. By virtue of the automatic stay provision of Section 362 of the Bankruptcy Code, Movant has been stayed from pursuing its right to levy against the Vehicle.

8. Movant will suffer irreparable injury, harm and damage should it be delayed in taking possession of the motor vehicle aforesaid and foreclosing its security interest therein.

9. Movant is entitled to relief from the automatic stay under 11 U.S.C. Section 362(d) for the following reasons:

   a. That the Debtor is in default of the performance of the terms and conditions of the Retail Installment Contract and is contractually due for additional installment payments;

   b. As a consequence of the aforesaid default, Movant's secured interest is not adequately protected because the collateral depreciates in value;

   c. The Debtor has stated his intention to surrender possession of the Vehicle to Movant;

   d. The 2015 Toyota Camry is not necessary for an effective reorganization and there is no benefit to the Estate.

10. Movant requests that Bankruptcy Rule 4001(a)(3) not apply to any Order granting this motion.

///

///

///

WHEREFORE, BANK OF THE WEST prays that this Honorable Court enter an Order modifying the restraining provisions of §362 of the Bankruptcy Code to permit Movant to foreclose its security interest in the 2015 Toyota Camry with VIN ending in 0304, and for such other and further relief as this Court may deem just and proper.

By: /s/ Steven E. Stern
Steven E. Stern

Steven E. Stern, ARDC #6194333
BERGSTROM LAW, LTD.
9555 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
P: (702) 333-0007 | F: (702) 333-1524
Attorney for BANK OF THE WEST